Dear Senator Corn:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the Department of Public Safety have sole law enforcement jurisdiction on the turnpikes in Oklahoma?
 2. If not, what law enforcement agencies have authority?
 DUTIES OF THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY
The Oklahoma Department of Public Safety ("Department") was created pursuant to the provisions of 47 O.S. 2001, § 2-101[47-2-101](a) as a department of the government under the control and supervision of the Commissioner of Public Safety ("Commissioner"), who is charged with the duty to enforce the provisions of the Oklahoma Highway Safety Code[1] ("Code") and all laws regulating the operation of vehicles or the use of the highways according to the provisions of 47 O.S. Supp. 2005, § 2-108[47-2-108]. Under 47 O.S. Supp. 2005, § 2-117[47-2-117](A), the Commissioner and each officer of the Department are declared to be peace officers of the state of Oklahoma with the powers and authority vested in other peace officers including, but not limited to, the right and power to investigate and prevent crime and to enforce the criminal laws of this state.[2] Based upon this authority, it is the duty of the Commissioner to enforce the Code and all laws regulating the operation of vehicles and use of the highways.[3]
 TURNPIKES IN OKLAHOMA
In Henry v. Oklahoma Turnpike Authority, 478 P.2d 898, 901-02
(Okla. 1970), the Oklahoma Supreme Court noted that "Oklahoma is committed to the rule that Turnpikes are public highways" and that "[t]he turnpikes are a part of the highway system of this State." The Code defines the term "turnpike" at 47 O.S. 2001, § 1-184[47-1-184](B) to be a "limited access grade separated expressway financed and operated by the Oklahoma Transportation Authority[4] upon which a toll is charged for the use thereof." Id. (footnote added). While the Code provides a definition of the word "turnpike," the provisions of Title 69 of the Oklahoma Statutes, under which the Oklahoma Turnpike Authority was created, provide no specific definition of the word "turnpike."
The Oklahoma Turnpike Authority is authorized and empowered in 69 O.S. Supp. 2005, § 1701[69-1701], in pertinent part, "to construct, maintain, repair, and operate turnpike projects as defined in Section 1704 of this title." Id. The language of this statute is significant in that the Oklahoma Turnpike Authority is authorized to construct, maintain, repair, and operate "turnpike projects" rather than "turnpikes." The phrase "turnpike project" is defined in 69 O.S. Supp. 2005, § 1704[69-1704](2), as follows:
 "Project" or "turnpike project" means any express highways, superhighways, or motorways, wayports, aviation transfer centers or aviation hubs constructed under the provisions of this article by the Authority, and shall embrace all bridges, tunnels, overpasses, underpasses, interchanges, entrance plazas, approaches, free access roads, bridges, and road construction, toll houses, service stations, and administration, storage and other buildings which the Authority may deem necessary for the operation of such turnpike, together with all property, rights, easements, and interests which may be acquired by the Authority for the construction or the operation of such turnpike. The Authority may contract or lease concessions for gas stations, garages, restaurants, parking facilities and other services for all or any portion of any turnpike project or projects[.]
Id. (emphasis added).
This definition of the phrase "turnpike project" is noteworthy in that it does not include the word "turnpike" as an item eligible for construction, operation, repair or maintenance by the Oklahoma Turnpike Authority. Rather, in identifying items eligible for construction, operation, repair and maintenance, it refers to those items collectively as "such turnpike." When the list of eligible items is supplemented with all property, rights, easements and interests which may be acquired by the Oklahoma Turnpike Authority, the statute also refers to the expanded listing of such items collectively as "such turnpike." Accordingly, when the language of 69 O.S. Supp. 2005, § 1704[69-1704](2) is read as a whole, the term "turnpike" is properly interpreted to be the equivalent of "turnpike project." Therefore, a turnpike is more than what is stated in the Code's limited definition of a turnpike and encompasses turnpike projects as defined in 69 O.S. Supp. 2005, § 1704[69-1704](2).
 LAW ENFORCEMENT JURISDICTION ON OKLAHOMA TURNPIKES
The Legislature has specifically provided for law enforcement on Oklahoma's turnpikes. Title 47 O.S. Supp. 2005, § 11-1402[47-11-1402] provides for law enforcement authority on the turnpikes in subsection (A) as follows:
 Except as otherwise provided herein, enforcement of both traffic laws and the general laws of the State of Oklahoma on the turnpikes shall be the exclusive authority of the Department of Public Safety, and the cost thereof shall be borne by the Oklahoma Transportation Authority. Provided that the Authority shall be liable only for such costs as may be agreed to by it under contract or agreement with the Commissioner of Public Safety.
Id. (emphasis added).
The language of 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A) is significant for four reasons. First, Section 11-1402(A) identifies two categories of law to be enforced on the turnpikes; traffic laws and general laws. Second, while Section 11-1402(A) identifies "traffic laws" and "general laws" as the categories of law to be enforced, neither term is defined in the statute nor elsewhere in the Code. Third, Section 11-1402(A) specifies that the Department is to be the enforcer of the two identified categories of law. Fourth, Section 11-1402(A) specifies that the law enforcement authority of the Department shall be exclusive except as otherwise provided.
The following statute, 47 O.S. 2001, § 11-1403[47-11-1403], authorizes the Commissioner and the Oklahoma Transportation Authority to enter into contracts for turnpike law enforcement stating in pertinent part as follows:
 The Commissioner of Public Safety and the Oklahoma Transportation Authority are hereby authorized to enter into contracts and agreements for law enforcement on turnpikes. The Department of Public Safety is authorized to use any of its automotive and other equipment in policing turnpikes, and to charge the Authority for the use thereon on a rental basis to be agreed to by the Department and the Authority, and to perform such services in connection with policing turnpikes with its general personnel and equipment at such rates, salaries, expenses, and miscellaneous costs as may be agreed to by the Department and the Authority.
Id. (emphasis added). The language of 47 O.S. 2001, § 11-1403[47-11-1403] is noteworthy because it authorizes the execution of contracts for the Department to provide law enforcement or "policing" on the turnpikes. Further, the language of Section 11-1403 specifically authorizes the Department's use of its vehicles, equipment and law enforcement services in policing turnpikes.
We have previously established that the Commissioner has a duty to enforce the Code and all laws regulating the operation of vehicles and use of the highways under the provisions of 47 O.S. Supp. 2005, § 2-108[47-2-108], and that as public highways the turnpikes are part of the Oklahoma highway system. Henry,478 P.2d at 902. While the term "traffic laws" is not defined, the term "traffic" is defined as "[p]edestrians, ridden or herded animals, vehicles, and other conveyances either singly or together, while using any highway for purposes of travel." 47 O.S. 2001, § 1-177[47-1-177]. It follows that the identified category of "traffic laws" refers to the laws regulating the use of the highways, including turnpikes.[5]
We have also established that the Commissioner and the Department's officers are vested with the right and power to investigate and prevent crime, and to enforce state criminal laws as peace officers under the provisions of 47 O.S. Supp. 2005, § 2-117[47-2-117]. We have demonstrated that the Department is charged with "policing turnpikes" and entering into contracts and agreements for "law enforcement on turnpikes." 47 O.S. 2001, § 11-1403[47-11-1403]. It follows that the Legislature's identification of the legal category of "general laws" in 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A) means general criminal laws. Thus, the Department's officers are authorized to investigate and prevent crime and to enforce the State's criminal laws on the turnpikes.
Title 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A) provides that the enforcement of traffic laws and general laws on the turnpikes "shall be the exclusive authority of the Department of Public Safety." The Oklahoma Supreme Court recognized this as early as 1959, when the court held that the predecessor statute, 69 O.S. Supp. 1957, § 692[69-692], placed the exclusive responsibility of enforcing the traffic laws and the general laws upon the Department. Okla. Tpk. Auth. v. Kitchen, 337 P.2d 1081, 1088
(Okla. 1959).[6]
This grant of exclusive authority to the Department stated in 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A), is now subject to qualification by virtue of the opening phrase "except as otherwise provided herein." This opening phrase of 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A) is subsequently addressed in 47 O.S. Supp. 2005, § 11-1402[47-11-1402](B), that provides:
 On the turnpikes, the Oklahoma State Bureau of Investigation shall have the authority to investigate and enforce all laws relating to any crime listed as an exception to the definition of "nonviolent offense" as set forth in section 571 of Title 57 of the Oklahoma Statutes.[7]
Id. (emphasis added) (footnote added). Based upon the language of 47 O.S. Supp. 2005, § 11-1402[47-11-1402], the Department is authorized to enforce traffic laws and general laws of the State on the turnpikes and the Oklahoma State Bureau of Investigation ("OSBI") is authorized to investigate and enforce all laws related to certain enumerated crimes on the turnpikes as provided in 57 O.S. 2001, § 571[57-571]. The same statute providing exclusive law enforcement authority to the Department on the turnpikes also provides authority to the OSBI to investigate and enforce certain criminal laws on the turnpikes. See 47 O.S. Supp. 2005, § 11-1402[47-11-1402]. The law enforcement authority of the Department is both granted and limited by the provisions of 47 O.S. Supp. 2005, § 11-1402[47-11-1402]. Accordingly, the Department does not have exclusive law enforcement jurisdiction on the turnpikes in Oklahoma. Both the Department and the OSBI have law enforcement jurisdiction on Oklahoma turnpikes in the manner and to the extent as is provided in Section 11-1402.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Oklahoma Department of Public Safety has authority for enforcement of both traffic laws and the general laws of the State of Oklahoma on the turnpikes. 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A). However, the Oklahoma Department of Public Safety does not have sole law enforcement jurisdiction on the turnpikes in Oklahoma. See id. § 11-1402(B).
 2. Pursuant to 47 O.S. Supp. 2005, § 11-1402[47-11-1402](B), the Oklahoma State Bureau of Investigation has law enforcement jurisdiction on the turnpikes in Oklahoma to investigate and enforce all laws related to certain crimes listed as exceptions to the term "nonviolent offense" as provided in 57 O.S. 2001, § 571[57-571].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 BRYAN NEAL Assistant Attorney General
[1] See Oklahoma Highway Safety Code, 47 O.S. 2001 Supp. 2005, §§ 1-101-20-107.
[2] The law enforcement authority of the Department addressed in this Opinion is limited to turnpikes. See A.G. Opin. 06-14 (addressing the law enforcement power and authority of the Department in general).
[3] It should be noted that while other Oklahoma state agencies have regulatory jurisdiction on the turnpikes, that discussion is beyond the scope of this Opinion. See 74 O.S. 2001, 18b(A)(5).
[4] "Whenever the terms `Oklahoma Transportation Authority', `Transportation Authority' or `Authority', when used in reference to the Oklahoma Turnpike Authority, appear in the Oklahoma Statutes, such terms shall mean the Oklahoma Turnpike Authority." 69 O.S. Supp. 2005, § 1703[69-1703](F).
[5] Title 47 O.S. 2001, § 11-1405[47-11-1405] states that "[e]xcept as modified by this act, the general law of the State of Oklahoma regulating traffic on public highways shall apply on turnpikes."
[6] At the time this case was decided, 69 O.S. Supp. 1957, § 692[69-692] provided that enforcement of both traffic laws and the general laws of the State of Oklahoma on turnpikes shall be the "exclusive responsibility" of the Department of Public Safety. The current statute provides that enforcement shall be the "exclusive authority" of the Department. 47 O.S. Supp. 2005, § 11-1402[47-11-1402](A). This distinction is not critical to our conclusion. The current statute also creates an exception for the Oklahoma State Bureau of Investigation as discussed herein. See § 11-1402(B).
[7] The exceptions to the term "nonviolent offense" listed in 57 O.S. 2001, § 571[57-571] include any attempts to commit or conspiracy or solicitation to commit certain criminal offenses, and range from assaults, batteries, burglaries, robberies and arson to kidnapping, extortion, sabotage, rapes and murders.